DECISION OF DISMISSAL
This matter is before the court on Plaintiff's verbal denial of Defendant's request for an interior inspection.
A telephone case management conference was held on July 5, 2011. Plaintiff appeared on her own behalf. Her husband, Jim Daniels, was present and participated. Susan DeBolt (DeBolt), appraiser, appeared on behalf of Defendant.
Plaintiff appealed the real market value of property identified as Account 44455 (subject property) for tax year 2010-11. In its Answer and during the case management conference, DeBolt requested "a complete interior/exterior inspection of all buildings on site." (Def's Answer at 1.)
During the conference, Plaintiff verbally agreed to allow DeBolt to inspect the exterior of the subject property, but denied DeBolt's verbal request to inspect the interior of the subject property. The court reviewed with the parties the Oregon Supreme Court holding inPoddar v. Department of Revenue (Poddar),328 Or 552, 983 P2d 527 (1999), stating that, in a similar situation where a taxpayer refused to allow an interior inspection of his property, the Oregon Supreme Court agreed with the Oregon Department of Revenue that it should be allowed to inspect the property. InPoddar, the court concluded that "an inspection of the completed *Page 2 
residence could provide information about materials and construction techniques that would be admissible on the issue of the correctness of the assessor's valuation of the incomplete residence."Id. at 562. See also Bleoaja v. Department of Revenue, TC No 4930, WL 2827163 (July 19, 2010), citing Poddar in its holding that property owners must allow an interior inspection because it would provide information about the "correctness of the assessor's valuation of the incomplete residence." (Id.)
In this case, the parties discussed building permits obtained by the subject property's prior owner, the stage of completion of work done by the prior owner, and the condition of a detached garage with storage which Plaintiff stated was built in 2001 but now shows visible evidence of "rot" and "disrepair." Plaintiff insisted that the condition of the garage could be seen without entering the building. Plaintiff argued that an interior inspection of the subject property is unjustified and intrusive. Plaintiff's husband stated that they "do not agree with the Oregon Supreme Court holding" and, through their attorney, will challenge the holding.
DeBolt stated that Plaintiff purchased the subject property in August 2010, paying $220,500. Plaintiff's husband verbally stated Plaintiff requests that the subject property's 2010-11 real market value be reduced to $62,500. Plaintiff's husband stated that he and Plaintiff paid too much for the subject property because they were in the "process of foreclosure" and had to find "someplace to live." DeBolt believes that an interior inspection of the subject property is "reasonably calculated to lead to the discovery of admissible evidence" that could help her reconcile the difference between Plaintiff's purchase price and Plaintiff's requested real market value as of the assessment date, which is approximately seven months prior to Plaintiff's purchase date.See TCR 36 B(1). *Page 3 
Given the substantial difference between Plaintiff's purchase price of the subject property in the year of assessment and Plaintiff's requested real market value for the same assessment year and the unknown quality and completion of remodeling undertaken by the prior owner, the court rejects Plaintiff's argument that an interior inspection of the subject property is unjustified.
The court explained to Plaintiff that, if she would not permit an interior inspection, the court would dismiss her appeal. Because Plaintiff has stated that she will not allow DeBolt to enter the subject property's interior, the court dismisses Plaintiff's appeal. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of July 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanneron July 7, 2011. The Court filed and entered this documenton July 7, 2011. *Page 1